FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS  2020 OCT 16 AM 8: 38

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br>         v.             ) <br> ) <br> RALPH CARUSO,             ) <br> ) <br>         Defendant         ) <br> ) <br> ) <br> ) <br> ) | CRIMINAL CASE NO.  20cr10241 <br><br> Violations: <br><br> Counts One – Seven: Aiding and Assisting the Filing of False Tax Returns <br> (26 U.S.C. § 7206(2)) <br><br> Counts Eight - Twelve: Mail Fraud <br> (18 U.S.C. § 1341) <br><br> Forfeiture Allegation: <br> 18 U.S.C. § 981(a)(1)(C) and <br> 28 U.S.C. § 2461(c) |

## INFORMATION

At all times relevant to this Information:

### General Allegations

1. RALPH CARUSO ("CARUSO") resided in Wenham, Massachusetts.

2. CARUSO was the owner and sole shareholder of Caruso Equipment Company, Inc., Caruso Construction and Equipment Company, Inc., Northgate Recycling Company, Inc., and Circle Trucking, Inc. CARUSO was also an owner and 50% shareholder of City Rentals, LLC. The five entities, identified collectively as "Caruso Companies," had a principal place of business in Revere, Massachusetts.

### The Federal Tax Requirements

3. The Internal Revenue Service ("IRS") is an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States.

4. Under the tax laws, employers have a duty to withhold and pay over to the IRS federal income taxes and the employee's portion of Federal Insurance Contributions Act taxes ("FICA") consisting of Social Security and Medicare taxes.

5. Under the tax laws, employers also have a duty to pay over to the IRS the employer's matching portion of FICA, consisting of 6.2 percent of employee wages for the Social Security tax and 1.45% of employee wages for the Medicare tax.

6. The withholding and payment of these taxes is required to be reported on a quarterly basis by the employer to the IRS using IRS Form 941, Employer's Quarterly Tax Return.

7. The total annual wages paid to all employees and an unemployment tax paid by the employer are required to be reported on an annual basis by the employer to the IRS using IRS Form 940, Employer's Annual Federal Unemployment Tax Return ("FUTA").

### Massachusetts Workers' Compensation Insurance Requirements

8. The Massachusetts workers' compensation system was established to provide insurance for workers who are injured on the job or contract a work-related illness. One purpose of the program is to pay for reasonable and necessary medical treatment related to the injury or illness and to pay partial compensation for lost wages.

9. Under the Massachusetts workers' compensation system, employers are required by law to provide workers' compensation insurance coverage for all employees.

10. A workers' compensation insurance policy typically runs for a one-year period. At the beginning of each policy period, the insurance carrier assesses the employer an estimated premium based on the employer's representations regarding the estimated number of employees, estimated wages to be paid, and job risk classifications of the employees for the policy period.

11. At the end of the policy period, the insurance carrier conducts an retroactive audit to determine the actual premium based on the employer's representations regarding the actual number of employees, actual wages paid, and actual job risk classifications of the employees for the completed policy period.

12. Where the audit indicates that the actual number of employees and actual wages paid exceeded the estimated number of employees and wages, the insurance carrier charges the employer an additional premium. Where the audit indicates the actual number of employees and actual wages paid to the employees were less than the estimated number of employees and wages, the insurance carrier refunds to the employer a portion of the pre-paid premium.

### The False Tax Returns

13. CARUSO maintained accounts at several banks including Eastern Bank, East Boston Savings Bank, Santander Bank, and Metro Credit Union.

14. From at least January 2008 and continuing to at least March 2016, CARUSO made payroll payments to employees of the Caruso Companies via payroll checks drawn on CARUSO's business accounts at Eastern Bank, East Boston Savings Bank, and/or Santander Bank. The required employee income taxes and FICA taxes were withheld from those employee wages.

15. CARUSO directed assigned office employees to prepare and file IRS Forms 940 and Forms 941 with the IRS on his behalf, and to pay over and report the Caruso Companies'

employee income taxes and FICA (including the employer's portion of the FICA) based on the wages paid from the Eastern Bank, East Boston Savings Bank, and/or Santander Bank business accounts.

16. During that same period, CARUSO also paid additional wages to employees of Caruso Companies "under–the-table" by using funds withdrawn from bank accounts at Metro Credit Union, which he maintained solely for that purpose.

17. The wages paid to employees "under-the-table" were not reported to the IRS.

18. As a result, CARUSO failed to withhold and pay over to the IRS income taxes and FICA from the wages paid to employees "under-the-table." CARUSO also failed to pay over to the IRS the employer portion of FICA owed to the IRS for the "under-the-table" wages.

19. Beginning at least with the first quarter of 2008 and continuing thereafter until at least the third quarter of 2016, CARUSO caused IRS Forms 941 (Employer's Quarterly Tax Returns) to be filed with the IRS, which Forms 941 failed to report the wages paid to employees under-the-table.

20. Beginning at least with calendar year 2008 and continuing thereafter through at least calendar year 2016, CARUSO caused IRS Forms 940 (Employer's Annual Federal Unemployment Tax Returns) to be filed with the IRS, which Forms 940 failed to report the total wages paid to all employees by excluding the wages paid to employees under-the-table.

### The Workers Compensation Insurance Scheme to Defraud

21. At all times relevant to this Information, multiple insurance carriers provided workers' compensation insurance coverage to Caruso Companies, including AIG, AIM Mutual Insurance Co., and Arbella Protection Insurance Company.

22. Beginning at least in June 2007 and continuing thereafter to at least September 2016, CARUSO obtained nine annual workers' compensation insurance policies in the names of

Caruso Companies whereby he purported to provide workers' compensation insurance for all employees of Caruso Companies.

23.   For each of the annual policy periods, the insurance carriers conducted audits whereby the carriers relied upon representations of CARUSO and employees of Caruso Companies, including presentation of IRS Forms 941 and IRS Forms 940, in an attempt to determine the actual number of employees and the actual wages paid to employees of Caruso Companies during the policy period.

24.   For each of the annual policy periods, CARUSO caused false and fraudulent representations to be made to the insurance carrier auditors, including presentation of false IRS Forms 941 and false IRS Forms 940, which underreported the actual number of employees and the actual wages paid to Caruso Companies employees during the policy period.

## COUNTS ONE - SEVEN
### Aiding and Assisting the Filing
### of False Tax Returns
### (26 U.S.C. § 7206(2))

The United States Attorney charges:

25. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 24 of this Information.

26. On or about the dates set forth below, in the District of Massachusetts, the defendant,

RALPH CARUSO,

did willfully aid and assist in, procure, counsel, and advise the preparation and presentation under and in connection with any matter arising under, the internal revenue laws, of IRS Forms 941 and 940, for the periods set forth below, which forms were fraudulent and false as to material matters, in that the wages the defendant paid to employees of Caruso Companies substantially exceeded the amounts he reported to the IRS:

| Count | On or About | Tax Year | Quarter or Annual | False Items |
|---|---|---|---|---|
| 1 | April 30, 2010 | 2010 | Q1 | Form 941 for Caruso Construction and Equipment Company, Inc. |
| 2 | January 31, 2016 | 2015 | Q4 | Form 941 for Caruso Equipment Company, Inc. |
| 3 | January 31, 2012 | 2011 | Annual | Form 940 for Caruso Construction and Equipment Company, Inc. |
| 4 | January 31, 2013 | 2012 | Annual | Form 940 for City Rentals, LLC |
| 5 | January 31, 2014 | 2013 | Annual | Form 940 for Caruso Equipment Company, Inc. |
| 6 | January 31, 2015 | 2014 | Annual | Form 940 for Circle Trucking, Inc. |
| 7 | January 31, 2016 | 2015 | Annual | Form 940 for Northgate Recycling Company, Inc. |

All in violation of Title 26, United States Code, Section 7206(2).

## COUNTS EIGHT - TWELVE
## Mail Fraud
## (18 U.S.C. § 1341)

The United States Attorney further charges:

27. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 24 of this Information.

28. On or about the dates set forth below, in the District of Massachusetts, the defendant,

## RALPH CARUSO,

having devised and intending to devise a scheme and artifice to defraud workers' compensation insurance carriers and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did, for the purpose of executing the scheme and artifice to defraud, place and cause to be placed in any post office and authorized depository for mail matter, any matter and thing whatever to be sent and delivered by the United States Postal Service, and take and receive therefrom, any such matter and thing including the following:

| Count | On or About | Policy Period | Insurance Carrier | Mailed Item |
|---|---|---|---|---|
| 8 | September 27, 2012 | June 8, 2011 to June 8, 2012 | AIG | Premium Refund Check # 91482892 in the amount of $7,490 |
| 9 | August 1, 2013 | June 8, 2012 to June 8, 2013 | AIM Mutual Insurance Co. | Audit Adjustment Worksheet |
| 10 | August 21, 2014 | June 8, 2013 to June 8, 2014 | AIM Mutual Insurance Co. | Audit Adjustment Worksheet |
| 11 | July 29, 2015 | June 8, 2014 to June 8, 2015 | AIM Mutual Insurance Co. | Audit Adjustment Worksheet |
| 12 | September 2, 2016 | June 8, 2015 to June 8, 2016 | AIM Mutual Insurance Co. | Audit Adjustment Worksheet |

All in violation of Title 18, United States Code, Section 1341.

## MAIL FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

29. Upon conviction of one or more of the Mail Fraud offenses in violation of Title 18, United States Code, Section 1341, set forth in Counts 8 through 12 of this Information, the defendant,

RALPH CARUSO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, $ 51,504.00, to be entered in the form of a forfeiture money judgment.

30. If any of the property described in Paragraph 29, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 29 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Respectfully submitted this 16th day of October, 2020.

                ANDREW E. LELLING
                Acting United States Attorney

By:   /s/ Victor A. Wild
                VICTOR A. WILD
                Assistant U.S. Attorney
                U.S. Attorney's Office
                District of Massachusetts
                John J. Moakley U.S. Courthouse
                1 Courthouse Way, Suite 9200
                Boston, MA 02210